IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER BRACKE,**<br>Plaintiff | CIVIL ACTION |
| v. | |
| **SITEONE LANDSCAPE SUPPLY, LLC,**<br>Defendant. | NO. 21-5244 |

### MEMORANDUM OPINION

On August 12, 2019, Plaintiff, Christopher Bracke, walked into the Aston, Pennsylvania branch of Defendant's landscape supply stores. While he was there, Defendant's employees called the Bethel Township Police Department to report that he was stealing and/or refusing to pay for merchandise. That report led to his arrest and detention, after which criminal charges were filed against him (then dropped), his firearms confiscated, and his firearms' license revoked. Bracke now sues SiteOne Landscape Supply, Inc. ("SiteOne") for negligence, malicious prosecution (or false arrest), intentional or reckless infliction of emotional distress, defamation, invasion of privacy and portrayal in false light, and vicarious liability. SiteOne has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of Plaintiff's claims. For the reasons that follow, its Motion to Dismiss shall be granted.

I. **BACKGROUND**[1]

Plaintiff's Complaint is markedly brief. While Plaintiff was in SiteOne's store, he got into an altercation with store employees over a purchase order. The dispute culminated in Defendant's employees contacting the Bethel Township Police Department and reporting, falsely, according to Plaintiff, that he had stolen, or refused to pay, for certain merchandise. At

---

[1] The following facts are taken from the Complaint and assumed to be true for purposes of this Motion to Dismiss. *See, e.g.*, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

1

some point, the police arrested Plaintiff in the presence of his friends and neighbors. He was detained, and the Delaware County Sheriff commenced criminal proceedings against him. Then, his firearms were confiscated, and he was forced to surrender his firearms license. Ultimately, the criminal proceedings against Plaintiff were withdrawn. Nonetheless, Plaintiff maintains that he paid an attorney and took time off work to fight the charges. As a result of all of this, Plaintiff alleges that he suffered "great humiliation, embarrassment, pain, suffering, loss of reputation, and mental anguish."

## II.      STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter that, when accepted as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570). A claim will be found to have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

To satisfy this standard, the allegations in a complaint must rise above mere speculation; conclusory statements are insufficient. *Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 542 (3d Cir. 2012). In this regard, threadbare assertions or recitations of the legal elements of a cause of action also fail to suffice. *Iqbal*, 556 U.S. at 678. Indeed, "[i]n light of *Twombly*, 'it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed conduct].'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 177 (3d Cir. 2010) (quoting *Phillips*, 515 F.3d at 233).

In considering whether claims in a complaint are sufficiently pled to survive a motion to dismiss the process is to: (1) "outline the elements a plaintiff must plead to state a claim for

relief"; (2) "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and, (3) "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly rise to an entitlement to relief.'" *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## III. DISCUSSION

### A. Negligence

Plaintiff's first cause of action alleges that Defendant engaged in "negligent and careless conduct" because it "fail[ed] to train, monitor, and supervise its agents, servants, contractors, workmen and/or employees" and "fail[ed] to develop appropriate policies and or procedures for the resolution of customer disputes." Defendant interprets this to allege that its employees negligently reported a crime, which it argues is not a valid claim under Pennsylvania law. Plaintiff does not dispute that this claim concerns the employee's phone call to the Bethel Township Police Department, but instead argues that Defendant ought to have trained its employees on, or should have had a policy in place on, retail theft.

In Pennsylvania, a claim for negligence consists of three elements: (1) "the breach of a legally recognized duty or obligation"; (2) a causal connection ; (3) to the alleged damages. *Sharpe v. St. Luke's Hosp.*, 821 A.2d 1215, 1218 (Pa. 2003). As a central matter, Plaintiff has failed to plead sufficient facts to support his claim that Defendant had a duty to train its employees on retail theft procedure. Indeed, the only detail that sheds any light on the underpinnings of Plaintiff's negligence claim comes from Plaintiff's Opposition brief, in which he contends that Defendant "operates a landscape supply business . . . and therefore owes a duty of care to members of the public present to conduct business within." Plaintiff further contends that "the breach of duty is implicit in the allegation i.e. the employee made a false report of a

3

crime to the police. . . ." But, allegations made for the first time in a brief cannot be considered on a motion to dismiss. Here (there being no exhibits attached to the Complaint), it is the facts that are plead in the complaint that are pertinent. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Moreover, even if Plaintiff had pled any facts to support its claim for negligent failure to train, his claim would still fail as a matter of law. To successfully allege a cause of action for negligent failure to train, a plaintiff must assert that the defendant employer had a duty to train its employees on a particular issue. An employer has a duty to train its employees only on those issues that could themselves give rise to a cause of action for negligence. *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 42 (Pa. Super. 2000) (quoting Restatement (Second) of Agency § 213 cmt. a (Am. L. Inst. 1958)). Here, Plaintiff's negligence claim is grounded in Defendant's alleged failure to train its employees on proper retail theft procedure. More specifically, Plaintiff argues that the Defendants' failure to train its employees on such protocol led its employees to report Plaintiffs' to police. However, Pennsylvania law makes clear that there is no cause of action for the negligent reporting of a crime or the negligent initiation of criminal proceedings. *See Jaindl v. Mohr*, 661 A.2d 1362, 1364 (Pa. 1995). Indeed, Plaintiff concedes as much in his opposition papers. Because the underlying issue on which Plaintiff asserts that Defendant had a duty to train cannot itself give rise to a cause of action for negligence, Defendant had no duty to train its employees on this issue. As such, Plaintiff's negligence claim is not cognizable as a matter of law and shall be dismissed with prejudice because amendment in this case would be futile.[2]

---

[2] On a motion to dismiss, a complaint may be dismissed with prejudice, and plaintiff may be denied leave to further amend his claims, if amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Simply stated, a court may dismiss a claim with

4

### B. Malicious Prosecution/False Arrest

Plaintiff also claims that Defendant committed malicious prosecution or false arrest when its employees reported him to the police. Defendant moves to dismiss this claim as implausible as a matter of law.

To properly state a malicious prosecution or false arrest claim under Pennsylvania law, a plaintiff must establish that: (1) the defendant initiated or procured the commencement of criminal proceedings against him without probable cause; (2) the action was done with malice; and (3) "the proceedings have terminated in favor of the accused." Restatement (Second) of Torts § 653 (Am. L. Inst. 1975); *see also Kelley v. Gen. Teamsters, Chauffeurs & Helpers, Loc. 249*, 544 A.2d 940, 941 (Pa. 1988). Malicious prosecution and false arrest are similar claims under Pennsylvania; the only difference is that false arrest "covers damages only for the time of detention until the issuance of process or arraignment, and not more." *See Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (internal citation and quotation marks omitted).

Plaintiff has failed to plead facts to support each of the elements of a malicious prosecution claim. When evaluating a malicious prosecution claim, the preliminary question is "whether the defendant either directly instituted the proceedings against the plaintiff or can be charged with the responsibility for the institution of the proceedings." *Griffiths v. CIGNA Corp.*, 988 F.2d 457, 464 (3d Cir. 1993), *overruled on other grounds by Miller v. CIGNA Corp.*, 47 F.3d 586, 596 (3d Cir. 1995). Providing authorities with information or making an accusation of criminal misconduct will not constitute a procurement of criminal proceedings if the decision to initiate said proceedings is left to law enforcement's discretion. *Id.* (citing Restatement (Second) of Torts § 653 cmt. g (Am. L. Inst. 1975)). As such, when a private individual provides a

---

prejudice if an amendment would still not cure the deficiency. *Id.*

prosecuting official with information "that he believes to be true, and the officer . . . initiates criminal proceedings based upon that information, the informer is not liable . . . even [if] the information proves to be false and his belief was one that a reasonable man would not entertain." Restatement (Second) of Torts § 653 cmt. g (Am. L. Inst. 1975). If the informant *knowingly* provides the official with false information, however, the "intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information." *Id*. Thus,

> [i]n order to charge a private person with responsibility for the initiation of proceedings by a public official, it must . . . appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the *determining factor* in the official's decision to commence the prosecution, *or* that the information furnished by him upon which the official acted was known to be false.

*Id*. (emphasis added). Here, the Complaint contains only conclusory allegations that Defendant's employee's statements to police were "untruthful, misleading, and failed to accurately reflect what had been a business dispute." Notably, Plaintiff has failed to allege any facts to suggest that Defendant's employees *knowingly* provided the police with false information about Plaintiff. Moreover, there are no allegations that could remotely be read to conclude that employees' actions and/or statements were the determining factor in law enforcement's decision to pursue criminal charges against Plaintiff.

While Plaintiff's failure to satisfy the first element of a malicious prosecution claim would alone constitute sufficient grounds to dismiss Plaintiff's claim, the deficiencies in Plaintiff's Complaint do not end there. Plaintiff has also failed to plead sufficient facts to allege the second element of a malicious prosecution claim, namely, that Defendant acted with legal malice. "Actual malice in the context of [a] malicious prosecution [claim] is defined as either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or

6

its use for an extraneous improper purpose." *Lee v. Mihalich*, 847 F.2d 66, 70 (3d Cir. 1988) *abrogated on other grounds by Albright v. Oliver*, 510 U.S. 266 (1994).

Plaintiff argues that the allegations in his Complaint are sufficient to find that Defendant acted with malice because its employees lacked the probable cause to report his suspected crime to police. While it is true that "malice may be inferred from the absence of probable cause[,]" *Lippay v. Christos*, 996 F.2d 1490, 1502 (3d Cir. 1993), a lack of probable cause alone is insufficient to establish legal malice. *See, e.g.*, *Bernar v. Dunlap*, 94 Pa. 329, 331 (1880) (noting that "want of probable cause does not establish legal malice to be declared by the court. . . ."). Indeed, where a plaintiff points to a lack of probable cause to support an inference of legal malice, he or she must plead sufficient facts to corroborate such inference. *Boseman v. Upper Providence Twp.*, 680 F. App'x 65, 71 (3d Cir. 2017). Here, Plaintiff has asserted no facts to support an inference of legal malice—Plaintiff has not asserted that Defendants' employees knowingly provided false information to police, that they contacted police for an improper purpose, or that they acted with malicious intent or ill will. Accordingly, Plaintiff has failed to allege the second element of a malicious prosecution or false arrest claim.

Because Plaintiff has not sufficiently alleged his claims for malicious prosecution or false arrest, these claims shall be dismissed without prejudice.

### C. Intentional or Reckless Infliction of Emotional Distress

Plaintiff next claims that the events of August 12, 2019 "constituted extreme and outrageous conduct that intentionally or recklessly . . . caused [him] severe emotional distress." Plaintiff further avers that Defendant's and its employees' conduct "went beyond all acceptable bounds of community standards" and that, as a result, Plaintiff has suffered emotional distress "[including] but not limited to, fright, horror, grief, shame, humiliation, PTSD, embarrassment,

anger, disappointment and worry." Defendant moves to dismiss this claim on the grounds that the Complaint fails to allege that Defendant's employees acted intentionally or recklessly, and that the employees' conduct was not sufficiently outrageous.

Beginning with the Complaint's factual failings, it is unclear what of Defendant's conduct Plaintiff characterizes as "extreme and outrageous." In his Opposition Brief, Plaintiff states that "[f]alsely accusing another of a crime would appear on its face to constitute outrageous conduct." As such, it appears that the Defendant's employees' phone call to police provides the factual basis upon which Plaintiff's intentional infliction of emotional distress claim rests.

To successfully assert a claim for intentional infliction of emotional distress, the defendant's conduct must be regarded as "extreme or clearly outrageous" and cause severe emotional distress to the plaintiff. *Hoy v. Angelone*, 720 A.2d 745, 753-54 (Pa. 1998). This conduct must go "beyond all possible bounds of decency" so as to be "regarded as atrocious, and utterly intolerable in civilized society." *Id*. (quoting *Buczek v. First Nat'l Bank of Mifflintown*, 531 A.2d 1122, 1125 (1987)).

"Pennsylvania courts have found extreme and outrageous conduct only in the most egregious of situations, such as mishandling of a corpse, reckless diagnosis of a fatal disease, and having sexual contact with young children." *Cheney v. Daily News L.P.*, 654 F. App'x 578, 583-84 (3d Cir. 2016) (citing *Salerno v. Phila. Newspapers, Inc.*, 546 A.2d 1168, 1172 (1988)). While there is no clear threshold for distinguishing extreme or outrageous conduct from other bad acts, as a general matter, false allegations of criminal conduct are, without more, insufficiently outrageous to support a claim for intentional infliction of emotional distress. *See, e.g., U.S. ex rel. Magid v. Wilderman*, 2005 WL 469590, at *5 (E.D. Pa. Feb. 28, 2005); *Kuper v.*

*Colonial Penn Ins. Co.*, 1999 WL 317077, at *5 (E.D. Pa. May 18, 1999) ("While being falsely accused of a crime . . . is an unfortunate experience, such conduct does not rise to the level of extreme and outrageous conduct. . . ." (citing *Hoy*, 720 A.2d at 754)).

Because amendment would be futile, Plaintiff's intentional infliction of emotional distress claim shall be dismissed with prejudice.

### D. Defamation and Invasion of Privacy/False Light

Defendant moves to dismiss Plaintiff's defamation and invasion of privacy/false light claims on the ground that these claims are time-barred. By way of background, a defense premised on the statute of limitations is an affirmative defense, which the Federal Rules of Civil Procedure require to be raised in an answer, not in a motion to dismiss. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Nonetheless, this Circuit allows an affirmative defense to be raised on a motion to dismiss when it is "apparent on the face of the complaint" that the claim lies outside of the statute of limitations period. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). "The face of the complaint" has, in turn, been interpreted to refer to the allegations contained in the complaint, matters of public record, "materials embraced by the complaint, and materials attached to the complaint." *See Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 280 n.52 (3d Cir. 2016) (quoting *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012)). The burden of establishing the applicability of an affirmative defense rests with the defendant. *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 292 (3d Cir. 2010).

In Pennsylvania, the statute of limitations for defamation and false light claims is one year from the date of publication. 42 Pa. C.S. § 5523; *In re Phila. Newspapers, LLC*, 690 F.3d 161, 174 (3d Cir. 2012). Here, the allegedly defamatory conduct giving rise to Plaintiff's claims occurred on August 12, 2019, well over two years prior to the date on which Plaintiff filed his

9

Complaint—December 20, 2021. Plaintiff argues that the statute of limitations does not bar his claim because Defendant engaged in "continuous communication of the arrest and commencement of a criminal action." But, there are no allegations in his Complaint that the Defendant engaged in "continuous communication of the arrest"—or indeed any communication at all about the arrest—after the day of the altercation. And, as found *supra*, the Defendant did not in fact commence the criminal action against the Plaintiff.

As it is apparent from the face of the Complaint that the acts giving rise to Plaintiff's defamation and false light claims occurred well beyond the one-year statute of limitations, amendment would be futile and these claims shall be dismissed with prejudice.

### E. Vicarious Liability/Agency

Plaintiff's final claim is one of vicarious liability; he alleges that Defendant is vicariously liable for the acts of "the person or persons handling the needs of Plaintiff" because these person(s) "was/were acting as the agent servant, workman, or employee of Defendant" and "was/were acting within the scope of their authority." Defendant moves to dismiss Plaintiff's claim on the grounds that Plaintiff has failed to "allege the theory under which he claims that [Defendant] is vicariously liable to him" and "cannot sustain a cause of action" as a matter of law as he has failed to establish a predicate offense.

The doctrine of vicarious liability holds a principal liable "for the frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances and misfeasances of his agent committed within the scope of his employment. . . ." *Aiello v. Ed Saxe Real Estate, Inc.*, 499 A.2d 282, 285 (Pa. 1985). Therefore, a principal cannot be held vicariously liable where a plaintiff has failed to establish a wrongdoing on the part of an employee. *Mamalis v. Atlas Van Lines, Inc.*, 528 A.2d 198, 200 (Pa. Super. 1987) ("A claim of vicarious liability

depends on the life of the claim from which it derives.").

As explained above, all of Plaintiff's theories of liability or claims of wrongdoing upon which his theory of vicarious liability could be premised fail to survive Defendant's Motion to Dismiss. For this reason, Plaintiff's claim of vicarious liability too must fail, and shall be dismissed without prejudice.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint shall be granted.

An appropriate order follows.

**BY THE COURT:**

/S/WENDY BEETLESTONE, J.

_____
**WENDY BEETLESTONE, J.**